Filed 7/5/22  P. v. Palacios CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B314640 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA488688) |
| v. | |
| JAMES A. PALACIOS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Frederick N. Wapner, Judge.  Affirmed.

Glenn L. Savard, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

In October 2020, defendant and appellant James A. Palacios agreed to plead no contest to one count of assault by means of force likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(4)) in exchange for a sentence of 90 days in jail, five years of probation and mental health counseling. Defendant waived his trial rights on the record. Counsel joined in the waivers and stipulated to a factual basis for the plea. The court found defendant's waivers to be knowingly and voluntarily made, accepted defendant's plea and found him guilty of the assault.

In accordance with the plea agreement, the court suspended imposition of sentence, placed defendant on five years formal probation, awarded him 173 days of custody credits and ordered him to complete mental health counseling through the probation department. Defense counsel advised the court defendant was homeless and requested accommodation on the imposition of fines and fees. The court ordered fines and fees stayed pending a finding of defendant's ability to pay them. The prosecutor dismissed the remaining charges.

Less than a month later, defendant was arrested for robbery and shoplifting. The prosecution sought revocation of probation in lieu of a new prosecution.

At the probation violation hearing held January 4, 2021, the court revoked probation and ordered it reinstated on the same terms and conditions, with the additional term that defendant serve 180 days in jail. Defendant was credited with 101 days of time served. The court admonished defendant to follow through with the order for mental health counseling and to attempt to address his drug problems.

On March 20, 2021, defendant was arrested for making criminal threats (Pen. Code, § 422). A contested probation

violation hearing was held on July 14, 2021.  The victim, Ellis Frederick, testified that defendant approached her while she was standing outside a Home Depot store.  When Ms. Frederick declined defendant's offer to drink some of his whiskey, he became irate and followed her around the parking lot, yelling at her and threatening to kill her.  Christian Villela, one of the store's security employees, also testified to defendant's actions as well as his own efforts to assist Ms. Frederick until the police arrived.

Defendant testified in his own defense and said he had not threatened to kill Ms. Frederick, only saying that he "should" kill her, not that he would kill her.  Defendant was upset that she had disrespected him and felt he was the victim of a hate crime.  He said he had phoned the police as well because he felt threatened.

Before the court ruled, the prosecutor said that in light of defendant's apparent mental health issues, he was willing to offer a one-year residential mental health program in lieu of prison time.  Otherwise, for public safety reasons, he was requesting the high term be imposed.  After talking with defendant, defense counsel requested imposition of the low term and did not indicate there was any willingness by defendant to consider a residential treatment program.

The court found defendant in violation of probation and imposed a midterm of three years, with a credit of 583 days.  This appeal followed.

We appointed appellate counsel to represent defendant.  Defendant's appointed counsel, Glenn Savard, filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) in which no issues were raised.

3

The *Wende* brief included a declaration from Mr. Savard in which he explained his inability to locate defendant to discuss his case and serve him with the requisite documents. Mr. Savard explained he contacted the Department of Corrections and Rehabilitation, the Los Angeles County Sheriff's Department and defendant's former trial counsel, deputy public defender Ryan Wolfe. Mr. Savard attested that neither entity, nor Mr. Wolfe had knowledge of defendant's whereabouts or any new address for him. The Department of Corrections and Rehabilitation advised Mr. Savard that defendant had been discharged on February 5, 2022, with no forwarding address. Mr. Savard also called the last known telephone number for defendant but received an automated recording that the number was no longer in service. Mr. Savard stated his willingness to brief, upon request, any issues we may have following our independent review of the case.

We have examined the entire record of proceedings submitted to this court and are satisfied that appointed counsel fully complied with his responsibilities. We also find that counsel demonstrated reasonable due diligence in attempting to locate defendant. We find no arguable appellate issues.

### DISPOSITION

The judgment of conviction is affirmed.


GRIMES, J.

WE CONCUR:

STRATTON, P. J.       HARUTUNIAN, J.*

---

\*       Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4